IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD J. GAMBLE, on behalf of
himself and all others similarly
situated,

    Plaintiff,

v.

AIR SERV CORPORATION,

    Defendant.

CIVIL ACTION NO.
1:16-CV-04580-LMM

## ORDER

This case comes before the Court on the parties' Joint Motion to Approve Settlement [14]. After due consideration, the Court enters the following Order:

### I.    BACKGROUND

Plaintiff sued his former employer to recover unpaid overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). See Dkt. No. [1] ¶ 1. The parties announced a settlement agreement and submitted a Joint Motion to Approve Settlement Agreement. Dkt. No. [14]. The Settlement purports to settle all of Plaintiff's claims and includes a confidentiality section prohibiting Plaintiff from discussing the Agreement. Id. ¶ 9.

The confidentiality section dictates that Plaintiff will "keep the terms and amount of [the Settlement] completely and <u>strictly confidential</u> (except that [Plaintiff] shall have the right to say 'the matter has been resolved')." <u>Id.</u> (emphasis in original). The section prohibits Plaintiff from disclosing "any information concerning [the Settlement] to anyone except as required by law, for specific legal and/or professional investment planning and advice, to [Plaintiff's] spouse, . . . or to enforce [the Settlement]." <u>Id.</u> Lastly, the section prohibits Plaintiff from disclosing any information about the Settlement to any "past, present, or prospective employee or applicant for employment of [Defendant]." <u>Id.</u>

"Although a private settlement and stipulation for dismissal typically ends the case without judicial intervention, the Eleventh Circuit requires the district court to review the settlement of the FLSA claim." <u>Dees v. Hydrary, Inc.</u>, 706 F. Supp. 2d 1227, 1231 (M.D. Fla. 2010) (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982)). Both the congressional purpose of the FLSA and the public's interest in the transparency of the judicial process decisively inform the procedure and the applicable standard of the district court's review of an FLSA settlement. <u>See</u> <u>Dees</u>, 706 F. Supp. 2d at 1231.

After a review of the Settlement and a telephone hearing on the matter, the Court finds the amount of compensation and the attorney's fees is fair and reasonable. However, for the reasons discussed below, the Court cannot approve

the Settlement as drafted because the confidentiality portion contravenes both the purpose of the FLSA and the public's interest. Id.

## II.   DISCUSSION

By enacting the FLSA, Congress sought "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). To combat the typically unequal bargaining power between employer and employee, the Act imposes both a minimum wage and overtime compensation for several categories of employees. 29 U.S.C. § 206 (establishing minimum wage); 29 U.S.C. § 207 (establishing overtime compensation). To deter noncompliance, the FLSA also permits claimants to recover reasonable attorney's fees and liquidated damages— an additional compensation equal to the amount recovered under § 206 and § 207. 29 U.S.C. § 216.

Instead of going to trial, parties may negotiate a settlement agreement or compromise among themselves. See Lynn's Food Store, 679 F.2d at 1353. However, the Eleventh Circuit has imposed restrictions on how the parties may settle. Id. Specifically, an employee may only accept a compromise supervised either by the Department of Labor or a district court. Id. If an employee accepts a compromise supervised by the Department of Labor, he or she waives the right to sue for the unpaid wages. Id. If the employee chooses to sue in district court but

then decides to settle, the district court must scrutinize the settlement for fairness. Id.

In requiring a review of settlement agreements, the Eleventh Circuit explained that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." Id. at 1352 (quoting Barrentine v. Arkansas—Best Freight Sys., 450 U.S. 728, 740 (1981)). However, the Eleventh Circuit permits compromise of an FLSA claim under specific circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.

Id. at 1354. Accordingly, an employee may settle a claim if the district court determines it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.

Such reviews help induce voluntary compliance with the FLSA's requirements. See Dees, 706 F. Supp. 2d at 1237. For instance, an employer who violates the Act has little incentive to begin to comply if permitted to privately

4

settle claims at a discounted amount. If approval is required, not only will the discount be unlikely, but the amount owed might increase through liquidated damages—both of which help prevent employers from violating the Act at the start.

The Court's review of FLSA settlements to ensure they are fair and reasonable "implicates both the rights of the settling employee and the interests of the public at large." Lopez v. Nights of Cabria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015). As one court has concluded:

> To fully implement the policy embodied by the FLSA, the district should scrutinize the compromise in two steps. First, the court should consider whether the compromise is fair and reasonable to the *employee* (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates *implementation* of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

Dees, 706 F. Supp. 2d at 1264 (emphasis added).

Related to those factors "external" to the compromise, courts scrutinize the limitations placed upon employees and their effect on FLSA implementation. Many have found that confidentiality provisions included in a settlement are impermissible because they can promote non-compliance and often contravene both the purpose of the FLSA and the public's interest in transparency. See id.; Lopez, 96 F. Supp. 3d at 178; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-CV-2239-JPM, 2014 WL 2959481, at *5 (W.D. Tenn. June 13, 2014).

Confidentiality provisions are often implemented by the employer for fear that settling with one employee will encourage other employees to assert their FLSA rights. Dees, 706 F. Supp. 2d at 1242. However, these provisions do nothing to resolve bona fide disputes between the parties and only work to frustrate "[the] implementation of the 'private-public' rights"[1] and impede Congress's intent to "ensure widespread compliance with the statute." Id.

For instance, the Department of Labor requires FLSA employers to clearly display a detailed notice of the employee's FLSA rights in the workplace. Id. (citing 29 C.F.R. § 516.4). "By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right." Dees, 706 F. Supp. 2d at 1242.

As one court described it, "[a]mong the people who require the protection of the FLSA are workers who are poorly educated and non-English speaking." Lopez, 96 F. Supp. 3d at 179. "[S]uch persons are especially vulnerable to workplace exploitation and have much to gain from the diffusion of information about their employment rights." Id. A confidentiality provision blocks such information. Id.

This is true even if the parties publicly file the settlement agreement on the docket. See id. Logically, the most likely way a low-wage employee might learn

---

[1] In O'Neil, the Supreme Court recognized the private-public nature of an employee's FLSA rights in that they are "conferred on a private party, but affect[] the public interest." O'Neil, 324 U.S. at 704-08.

about his or her FLSA rights is either directly or indirectly from a co-worker. However, confidentiality provisions prevent successful FLSA plaintiffs from publicizing both the underlying violations and the possibility of success more generally.

Not only do confidentiality provisions frustrate the spirit and intent of the statute, they arguably violate provisions of the FLSA itself. For instance, § 215(a)(3) prohibits an employer from discharging or otherwise discriminating against any employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3). If an employee covered by a confidentiality provision caused a fellow employee to file suit, the employer could sue the first employee for breach of contract. However, this clearly violates § 215(a)(3) as it harms the employee for inducing an FLSA proceeding. Furthermore, "[t]he employer's most proximate damages from the employee's breach are the unpaid FLSA wages due other employees who learned of their FLSA rights from the employee who breached." Dees, 706 F. Supp. 2d at 1242. As a result, any damages the employer would collect from the breaching employee would be the wages it owed to its other employees. In a way, the confidentiality provision "transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer." Id.

Litigants often argue that confidentiality provisions "are essential and material components of FLSA settlement agreements without which there would

be no incentive to settle costly litigation." Nutting, 2014 WL 2959481 at *5 (citing Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011)). However, this argument does not persuade the Court. First, "[a] business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented this case." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003). Second, the FLSA encourages settlement without the use of confidentiality provisions. The waiver provision in § 216(c) "grants an enforceable release to employers from any right any employee may have to unpaid minimum wages, unpaid overtime compensation, and liquidated damages, when an FLSA settlement agreement is approved." Bouzzi v. F&J Pine Rest., LLC, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012).

  These issues show that confidentiality provisions contravene both the legislative purpose of the FLSA and "undermine the Department of Labor's regulatory effort to notify employees of their FLSA rights." Dees, 706 F. Supp. 2d at 1242. For that reason, the Court joins the overwhelming majority of courts that reject the proposition that FLSA settlement agreements can be confidential. Lopez, 96 F. Supp. 3d at 177.

  After a review of the Parties' submissions, the entirety of the record and the Parties' arguments, the Court finds that the settlement is a fair and reasonable resolution of the dispute with the exception of Paragraph 9 of the Settlement Agreement, which contains a confidentiality provision. Because this confidentiality provisions impermissibly frustrates the implementation of the

FLSA, the Court hereby **STRIKES** Paragraph 9. The remainder of the settlement is approved.[2]

### III. Conclusion

In accordance with the foregoing, the Court **DENIES in part** and **GRANTS in part** the parties' Motion to Approve Settlement [14]. Paragraph nine is hereby struck from the Settlement Agreement. The remaining provisions are approved. This case is **DISMISSED WITH PREJUDICE**. The Clerk is instructed to close this case.

**IT IS SO ORDERED** this 27th day of March, 2017

*/s/ Leigh Martin May*
**Leigh Martin May**
**United States District Judge**

---

[2] The parties have consented to proceeding with the settlement despite the Court striking the confidentiality section (paragraph nine).